EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2008 TSPR 67 |
| Aprobación del Procedimiento para Acciones Disciplinarias contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico por Hostigamiento Sexual | 173 DPR _____ |

Número del Caso: ER-2008-02

Fecha: 1 de mayo de 2008

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Aprobación del Procedimiento
para Acciones Disciplinarias
contra Jueces y Juezas del
Tribunal de Primera Instancia
y del Tribunal de Apelaciones          ER-2008-02
de Puerto Rico por
Hostigamiento Sexual

RESOLUCIÓN

San Juan, Puerto Rico, a 1 de mayo de 2008.

La Constitución del Estado Libre Asociado de Puerto Rico, en su Art. II, Sec. 1, prohíbe el discrimen por razón de sexo y, por consiguiente, rechaza el hostigamiento sexual como una de sus manifestaciones.

Tanto la Política Pública del Estado Libre Asociado de Puerto Rico, manifestada por mandatos legislativos, como la establecida por la Rama Judicial, prohíben en todas sus formas dicha práctica ilegal y discriminatoria por razón de género, y repudian todo acto constitutivo de hostigamiento sexual en el empleo, lo que constituye una ofensa contra la dignidad del ser humano.

De otra parte, el Art. V, Sec. 11, de la Constitución del Estado Libre Asociado de Puerto Rico, establece que los jueces y juezas podrán ser destituidos por el Tribunal Supremo por las causas y mediante el procedimiento que se disponga por ley. Por su parte, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24 et seq., en su Artículo 6.006, establece que el

procedimiento disciplinario y de separación del servicio de los jueces y de las juezas se regirá por lo dispuesto en las reglas que apruebe el Tribunal Supremo a esos efectos.

De conformidad con estas disposiciones, con los preceptos legislativos encaminados a la erradicación del hostigamiento sexual, con la Política Pública de la Rama Judicial y en respuesta a la necesidad de establecer un mecanismo efectivo para atender quejas por hostigamiento sexual, aprobamos las reglas que establecen el *Procedimiento para Acciones Disciplinarias contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico por Hostigamiento Sexual,* el cual se incluye como parte integral de esta Resolución.

Este reglamento establece un procedimiento justo, rápido e imparcial para ventilar las quejas por hostigamiento sexual que se presenten contra los jueces y juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico e impone responsabilidad por esta conducta ilegal, salvaguardando el interés de la parte querellante y los derechos de la parte querellada. Además, faculta al Juez Presidente o a la Jueza Presidenta y al Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales a tomar las medidas cautelares correspondientes para la protección de las partes cuando se inicia una investigación.

Este *Procedimiento* entrará en vigor a los sesenta (60) días de la certificación de la presente Resolución.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

**CAPÍTULO I     TÍTULO, ALCANCE, INTERPRETACIÓN**

**REGLA 1          TÍTULO**

Estas reglas serán conocidas como "Procedimiento para Acciones Disciplinarias contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico por Hostigamiento Sexual".

**REGLA 2          BASE LEGAL**

Estas reglas son adoptadas de conformidad con las disposiciones del Art. II, sec. 1 y del Art. V, sec.11 de la Constitución del Estado Libre Asociado de Puerto Rico; del Art. 6.006 de la Ley de la Judicatura de Puerto Rico de 2003, según enmendada; la Política Pública de la Rama Judicial y la Ley de Hostigamiento Sexual en el Empleo, Ley Núm. 17 de 22 de abril de 1988, según enmendada.

**REGLA 3          POLÍTICA PÚBLICA Y ACCIÓN AFIRMATIVA**

La Rama Judicial sostiene como política pública que el hostigamiento sexual en el empleo o relacionado con el empleo es una práctica ilegal y discriminatoria por razón de sexo que no será tolerada.  Mediante este documento se reafirma la prohibición del hostigamiento sexual en el trabajo, y se adopta el procedimiento a seguir para presentar quejas o querellas por este motivo.

Toda persona que entienda que ha sido objeto de conducta constitutiva de hostigamiento sexual por parte de un juez o una jueza podrá recurrir al procedimiento de querella establecido.

En el fiel cumplimiento de esta responsabilidad se tomará acción inmediata y apropiada que incluye y no se limita a:

(1)     Divulgar esta política pública en detalle a los jueces, juezas, empleados y empleadas, y orientarlos sobre la prohibición del hostigamiento sexual en el empleo y garantizarles que pueden trabajar con seguridad y dignidad.

(2)     Dar publicidad amplia en el lugar de trabajo para que las personas aspirantes a empleo conozcan los derechos y la protección que les confiere la ley.

(3)     Instruir a todos los Jueces Administradores y las Juezas Administradoras sobre su responsabilidad de mantener el área de trabajo libre de hostigamiento sexual.

(4)     Instruir a los Jueces Administradores y las Juezas Administradoras sobre su responsabilidad de notificar inmediatamente a la Directora o al Director Administrativo de los Tribunales sobre cualquier queja o querella recibida de personas que aleguen ser víctimas de hostigamiento sexual.

**REGLA 4          DEFINICIONES**

Las siguientes palabras y frases utilizadas en estas reglas significarán:

(A) *Alguacil o Alguacila* - Alguacil o alguacil del Tribunal Supremo o cualquiera designado.

(B) *Comisión* - Comisión de Disciplina Judicial.

(C) *Comisionado Asociado o Comisionada Asociada* - Miembro de la Comisión de Disciplina Judicial.

(D) *Director Administrativo o Directora Administrativa* - Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales.

(E) *Evidencia clara y convincente* - Criterio intermedio de suficiencia de prueba, entre el quantum requerido en casos civiles de preponderancia de la prueba y el requerido para probar culpabilidad en casos criminales, esto es, más allá de duda razonable.

(F) *Hostigamiento Sexual* - Cualquier tipo de acercamiento sexual no deseado, requerimientos de favores sexuales y cualquier otra conducta verbal o física de naturaleza sexual, cuando se da una o más de estas siguientes circunstancias;

    (a) cuando el someterse a dicha conducta se convierte de forma implícita o explícita en un término o condición del empleo de una persona;

    (b) cuando el sometimiento o rechazo a dicha conducta por parte de la persona se convierte en fundamento para la toma de decisiones en el empleo o respecto del empleo, que afectan a esa persona;

    (c) cuando esa conducta tiene el efecto o propósito de interferir de manera irrazonable con el desempeño del trabajo de esa persona o cuando se crea un ambiente de trabajo intimidante, hostil u ofensivo.

(G) *Juez o Jueza* - Persona que por nombramiento o designación se desempeña como juez o jueza en la Rama Judicial de Puerto Rico, salvo los jueces o las juezas del Tribunal Supremo.

(H) *Juez Administrador o Jueza Administradora* - Persona que por designación del Juez Presidente o de la Jueza Presidenta, de entre los jueces y las juezas superiores, es responsable de la supervisión y buen funcionamiento de una región judicial.

(I) *Juez Asociado o Jueza Asociada* - Juez Asociado o Jueza Asociada del Tribunal Supremo de Puerto Rico.

(J) *Juez Presidente o Jueza Presidenta* - Juez Presidente o Jueza Presidenta del Tribunal Supremo de Puerto Rico.

(K) *Oficina de Asuntos Legales* - Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales o aquella oficina o persona(s) que tenga(n) a su cargo la investigación de quejas.

(L)   *Presidente o Presidenta* - Presidente o Presidenta de la Comisión de Disciplina Judicial.

(M)   *Procedimiento* – Procedimiento para Acciones Disciplinarias de Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico por Hostigamiento Sexual.

(N)   *Promovente* – Toda persona que entienda que ha sido objeto de conducta constitutiva de hostigamiento sexual por parte de un juez o una jueza y presenta una queja por hostigamiento sexual contra éste o ésta.

(O)   *Queja informal* - Primera alegación verbal o escrita en la que el o la promovente informa al Juez Administrador o a la Jueza Administradora, o al Director Administrativo o a la Directora Administrativa de los Tribunales sobre conducta que pudiese constituir hostigamiento sexual por parte de un juez o una jueza.

(P)   *Queja formal* - Escrito bajo juramento o declaración jurada ante notario o ante una funcionaria o un funcionario autorizado de la Oficina de Asuntos Legales, con lo cual comienza la intervención e investigación de dicha división legal.

(Q)   *Querella* - Escrito presentado ante la Comisión de Disciplina Judicial luego de una determinación de causa, en el cual se le imputa a un juez o a una jueza conducta en violación a los Cánones de Ética Judicial, Cánones de Ética Profesional, a la ley o a la reglamentación pertinente que pueda conllevar la imposición de cualquier sanción disciplinaria.

(R)   *Reglas* - Reglas que comprende el Procedimiento para Acciones Disciplinarias por Hostigamiento Sexual.

(S)   *Secretario o Secretaria* - Secretario o Secretaria del Tribunal Supremo de Puerto Rico o la funcionaria o el funcionario designado por aquel o aquella.

(T)   *Tribunal* - Tribunal Supremo de Puerto Rico

## REGLA 5      JURISDICCIÓN Y ALCANCE

(A)   Estas reglas regirán el procedimiento disciplinario contra jueces y juezas en casos de hostigamiento sexual, según definida por la Ley de hostigamiento sexual en el empleo, Ley Núm. 17 de 22 de abril de 1988 reglamentada por los Cánones de Ética Judicial, los Cánones de Ética Profesional y por orden o Reglamento del Tribunal Supremo.

(B)   Cuando en la queja formal se alegue, además de los hechos que puedan constituir hostigamiento sexual, otro tipo de conducta que no constituya hostigamiento sexual, se seguirá este procedimiento.

(C)   Sin que la siguiente enumeración sea considerada taxativa, no será investigada aquella queja formal que:

(1)   pretenda intervenir impropiamente con determinaciones judiciales;

(2) pretenda utilizar indebidamente el procedimiento disciplinario para lograr la inhibición de un juez o de una jueza en un caso particular o cualquier ventaja en un caso o procedimiento ante su consideración;

(3) sea anónima;

(4) sea frívola de su faz.

**REGLA 6          INTERPRETACIÓN**

Estas reglas serán interpretadas de modo que garanticen a los ciudadanos y a las ciudadanas, a los jueces y a las juezas la pronta consideración de quejas por hostigamiento sexual, el debido proceso de ley y la justa y rápida disposición de todo asunto presentado. Los términos dispuestos en este procedimiento son de carácter directivo, prorrogables por justa causa.

**CAPÍTULO II          PRESENTACIÓN DE LA QUEJA**

**REGLA 7          INICIO DEL PROCEDIMIENTO**

(A) La parte promovente podrá presentar una queja formal o informal para investigar la conducta de un juez o de una jueza por alegado hostigamiento sexual.

(B) El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada o el Director Administrativo o la Directora Administrativa de los Tribunales, podrá solicitar a iniciativa propia una investigación sobre la conducta por alegado hostigamiento sexual, por parte de un juez o una jueza. La solicitud bajo este inciso no requerirá juramento.

**REGLA 8          MEDIDAS PROVISIONALES O ADMINISTRATIVAS**

En consulta con el Juez Presidente o la Jueza Presidenta, el Director Administrativo o la Directora Administrativa de los Tribunales, el Juez Administrador o la Jueza Administradora podrá tomar aquellas medidas provisionales o administrativas para la protección de ambas partes y de la investigación bajo estas reglas.

**REGLA 9          PRESENTACIÓN DE LA QUEJA INFORMAL**

(A) La parte promovente podrá informar verbalmente o por escrito sobre la alegada conducta constitutiva de hostigamiento sexual del juez o de la jueza al Juez Administrador o a la Jueza Administradora de su región judicial o al Director o a la Directora.

(B) El Juez Administrador o la Jueza Administradora, al recibir la queja informal por escrito deberá notificarle a la parte promovente de sus derechos y tendrá la obligación de remitirla al Director o a la Directora inmediatamente y no más tarde de tres (3) días laborales de recibir la misma. De ser una queja verbal el Juez Administrador o la Jueza

Administradora deberá completar el formulario provisto para ello y remitirlo, dentro del mismo término, al Director o a la Directora. La parte promovente suscribirá el documento que prepare el Juez Administrador o la Jueza Administradora como que contiene una relación de todos los hechos (fecha, hora, lugar, testigos) relacionados con la queja presentada. En el caso de que la parte promovente se negare a firmar el formulario el Juez Administrador o Jueza Administradora procederá a requerir la presencia de un(a) testigo, a quien luego de apercibirle en torno a la confidencialidad del procedimiento certificará que, en su presencia el Juez Administrador o Jueza Administradora advirtió de sus derechos a la parte promovente y de su requerimiento para que firme el formulario que se habrá preparado luego de concluida la entrevista inicial, de la negativa de ésta a firmarlo, así como de las razones que ha aducido para ello.

(C)     El Juez Administrador o la Jueza Administradora tendrá la obligación de informarle al promovente que podrá presentar una queja formal, escrita y bajo juramento al Director o la Directora para que comience el proceso investigativo.

(D)     Si un funcionario o funcionaria en posición directiva o de supervisión recibe una queja informal de un empleado o empleada bajo su supervisión deberá remitirla o informarla inmediatamente al Juez Administrador o a la Jueza Administradora de su respectiva región judicial en el formulario provisto para estos propósitos quien procederá conforme a lo dispuesto en los inciso B y C que anteceden.

(E)     Una vez recibida la queja informal, el Director o la Directora o la persona en quien delegue, tendrá cinco (5) días laborables para remitirla a la Oficina de Asuntos Legales para su estudio y recomendación de si procede que se comience una investigación formal bajo el procedimiento establecido en la Regla 7(B).

**REGLA 10     FORMA Y LUGAR DE PRESENTACIÓN DE LA QUEJA FORMAL**

(A)     Para dar inicio al proceso de investigación, la parte promovente deberá presentar una queja juramentada. La queja formal podrá ser un escrito jurado ante notario o una declaración jurada ante un funcionario o una funcionaria de la Oficina de Asuntos Legales.

(B)     La queja formal será presentada personalmente o remitida por correo al Director o la Directora, quien informará de ello al Juez Presidente o Jueza Presidenta dentro de un plazo de cinco (5) días laborables a partir de su presentación y remitirá la misma para evaluación inicial a la Oficina de Asuntos Legales dentro del término de tres (3) días laborables de recibida.

(C)     Si la parte promovente presenta la queja juramentada directamente al Juez Administrador o a la Jueza Administradora de su Región Judicial, éste o ésta deberá remitirla inmediatamente y no más tarde de tres (3) días laborables al Director o a la Directora. La fecha de la presentación de dicha queja será la del recibo por el Director o la Directora.

(D)    El que una persona no presente una queja formal no es obstáculo para que el Juez Presidente o la Jueza Presidenta, o el Director o la Directora comience un procedimiento investigativo bajo la Regla 7(B).

**REGLA 11        CONTENIDO DE LA QUEJA FORMAL**

(A)    Toda queja formal presentada cumplirá con los requisitos siguientes:

(1)    será formulada por escrito y bajo juramento;

(2)    indicará el nombre completo, dirección postal y teléfono del promovente;

(3)    identificará por su nombre a la jueza o al juez promovido y el tribunal en que este se desempeña y de desconocer estos, brindará suficientes datos que permitan su identificación, y

(4)    expondrá detalladamente los hechos que motivan la queja e indicará la fecha y lugar donde estos ocurrieron.

(B)    La queja incluirá, además, cualquier otra información e identificará testigos o documentos para sustentar la misma.

(C)    La parte promovente certificará por escrito que la queja presentada contiene una relación detallada de todos los hechos ocurridos.

**REGLA 12        REGISTRO DE QUEJAS**

La Oficina de Asuntos Legales anotará el recibo de toda queja bajo este procedimiento en el Registro Especial de Quejas y Solicitudes de Separación.

**REGLA 13        EVALUACIÓN INICIAL**

(A)    La Oficina de Asuntos Legales, o la persona designada por el Director o la Directora, evaluará toda queja dentro de los cinco (5) días laborables siguientes a su presentación.

(B)    Si la queja presentada no cumple con los requisitos formales de la Regla 11 de este procedimiento se notificará al promovente y se le indicará la razón que la hace insuficiente y la forma y término para subsanarla.

(C)    El promovente será advertido, además, de que deberá corregir la insuficiencia, conforme los señalamientos dentro del término de diez (10) días laborables a partir de la notificación, y que transcurrido este término sin que fuere efectuada la subsanación la Oficina de Asuntos Legales estudiará la queja y recomendará si procede que se comience el procedimiento bajo la Regla 7(B).

(D) De no iniciarse el procedimiento bajo la Regla 7(B) y de no haber sido subsanada su insuficiencia como queja formal, la misma se considerará desistida. El promovente será advertido de esta determinación. De no estar satisfecho con tal indicación, el promovente, dentro de los diez (10) días laborables siguientes a la notificación, podrá solicitar reconsideración al Director o la Directora. Si éste o ésta al reconsiderar sostuviera los señalamientos, el promovente podrá solicitar revisión de tal determinación ante el Juez Presidente o la Jueza Presidenta.

(E) El Juez Presidente o la Jueza Presidenta, o el Juez Asociado o la Jueza Asociada que designe el Tribunal resolverá la misma y el Secretario o la Secretaria notificará al promovente, al Director o a la Directora y al juez o a la jueza.

(F) Si de la evaluación inicial resultara que, de conformidad con lo dispuesto en la Regla 5 de este procedimiento, el asunto carece de mérito, la Oficina de Asuntos Legales informará al Director o a la Directora, quien inmediatamente ordenará su archivo, notificará de tal decisión por correo al promovente e indicará la razón que motiva el archivo y de su derecho a solicitar reconsideración de tal decisión dentro de diez (10) días calendario desde la notificación, y que el así no hacerlo equivaldrá a una aceptación de que la determinación sea final.

(G) Si el Director o la Directora al reconsiderar sostuviera su decisión de archivar, el promovente, dentro de diez (10) días calendario desde la notificación de tal decisión, podrá solicitar la revisión de la misma ante la Jueza Presidenta o el Juez Presidente. La Jueza Presidenta o el Juez Presidente o una Jueza Asociada o un Juez Asociado designado por el Tribunal Supremo resolverá la misma.

(H) Si la evaluación inicial de la queja refleja la posibilidad o indica claramente conducta que amerita investigación ulterior, la Oficina de Asuntos Legales informará de ello al Director o a la Directora al cabo de los quince (15) días laborables siguientes de la presentación de la queja y dará inicio a la investigación formal. Tal determinación será notificada al promovente y al juez o a la jueza, y le remitirá copia de la queja a este o a esta.

## CAPÍTULO III        PROCESO INVESTIGATIVO

## REGLA 14        CONFIDENCIALIDAD

(A) El proceso investigativo y el expediente de la queja o de la solicitud de separación serán de carácter confidencial.

(B) Conforme con la Regla 10 de las de Disciplina Judicial, efectuada la determinación de causa probable y presentada la querella o petición de separación correspondiente, el expediente estará sujeto a inspección por el público en la Secretaría del Tribunal.

(C) El juez o la jueza bajo investigación podrá renunciar por escrito, previa solicitud al Tribunal, a la confidencialidad en cualquier etapa del procedimiento. No obstante, a solicitud por escrito de las autoridades pertinentes,

la Oficina de Asuntos Legales informará si éste o ésta es objeto de investigación por queja presentada en su contra, y la etapa investigativa de la misma.

(D) No será ofrecida información sobre quejas de hostigamiento sexual presentadas contra el juez o la jueza y que estuvieren en la etapa de investigación, o que hubieren sido desestimadas en cualquier etapa del procedimiento.

**REGLA 15** **DERECHOS PROCESALES DEL JUEZ Y DE LA JUEZA BAJO INVESTIGACIÓN; DEBERES**

(A) Durante el proceso investigativo de una queja por alegado hostigamiento sexual, el juez o la jueza tendrá derecho a:

(1) recibir notificación del inicio del procedimiento formal de investigación en su contra;

(2) obtener copia de la queja o, si la investigación fuere por iniciativa del Juez Presidente o de la Jueza Presidenta, de un Juez Asociado o de una Jueza Asociada, del Director o de la Directora, del Secretario o de la Secretaria de Justicia o del Procurador o Procuradora General a ser informado del contenido de la misma;

(3) estar asistido o asistida por abogado o abogada;

(4) inspeccionar y obtener copia de todos aquellos documentos, declaraciones, libros u otra evidencia pertinente al asunto, y

(5) conocer la identidad de los testigos presentados en su contra.

(B) Toda materia privilegiada conforme con las Reglas de Evidencia no estará sujeta a descubrimiento.

(C) Durante el proceso investigativo la jueza o el juez promovido tendrá la responsabilidad de:

(1) Contestar la queja presentada contra él o ella, dentro del término de veinte (20) días calendario desde que le fue notificada.

(2) cooperar en el proceso investigativo;

(3) suministrar todos aquellos documentos, objetos, grabaciones, nombres de testigos u otra prueba que entienda pertinente a la investigación o que le sean requeridos;

(4) prestar declaración jurada, de serle requerida;

(5) abstenerse de realizar gestiones que constituyan o puedan ser consideradas intervenciones indebidas con testigos, prueba documental o de cualquier otra naturaleza, y

(6) evitar la publicidad del asunto durante la etapa investigativa.

**REGLA 16**     **INVESTIGACIÓN FORMAL**

(A)     La Oficina de Asuntos Legales o la persona designada por el Director o la Directora realizará la investigación formal de la queja y rendirá al Director o a la Directora el informe correspondiente dentro de un término no mayor de sesenta (60) días calendario a partir de la conclusión de la evaluación inicial.

(B)     El juez o la jueza someterá, dentro del término que le sea concedido y a solicitud de la Oficina de Asuntos Legales o a iniciativa propia, respecto a la queja, cualquier información que estime pertinente al proceso.

(C)     La Oficina de Asuntos Legales podrá requerir al promovente que dentro del término de diez (10) días laborables comparezca para ofrecer información adicional o replicar a lo expuesto por el juez o la jueza.

**REGLA 17**     **INFORME DE INVESTIGACIÓN FORMAL**

(A)     Una vez finalizada la investigación formal, la Oficina de Asuntos Legales deberá rendir un informe escrito a la Directora o el Director.  Si los hechos determinados en el informe evidencian conducta que amerite un procedimiento disciplinario por hostigamiento sexual, el Director o la Directora, dentro de los cinco (5) días laborables, siguientes a su recibo, remitirá el informe junto con el expediente completo a la Comisión, dirigido al Secretario o a la Secretaria y notificará su envío al promovente y al juez o a la jueza.

(B)     Si, por el contrario, los hechos determinados en el informe no fueren indicativos de conducta que amerite trámite ulterior, el Director o la Directora dentro de igual término de cinco (5) días laborables desde su recibo, desestimará la queja formal y ordenará su archivo y notificación al promovente y al juez o a la jueza.

(C)     El promovente será informado de su derecho a solicitar reconsideración de tal decisión al Director o a la Directora dentro de los diez (10) días calendario desde su notificación, de no estar conforme con la determinación y que el así no hacerlo equivaldrá a una aceptación de que la determinación sea final.

**REGLA 18**     **RECONSIDERACIÓN POR EL DIRECTOR O LA DIRECTORA;  REVISIÓN ANTE EL JUEZ PRESIDENTE**

(A)     El Director o la Directora, dentro de los diez (10) días laborables de haberle sido presentada la solicitud de reconsideración dispuesta en la Regla 17 de este procedimiento, deberá considerarla y notificar su determinación al promovente y al juez o a la jueza.

(B)     El promovente podrá presentar ante el Juez Presidente o Jueza Presidenta una solicitud de revisión, dentro de los diez (10) días laborables siguientes a la notificación del Director o de la Directora, sosteniendo su determinación inicial,

fundamentará la misma y expondrá en detalle los hechos que la sostienen. Notificará de la misma al Director o a la Directora y al juez o a la jueza.

(C) El Juez Presidente o la Jueza Presidenta o el Juez Asociado o la Jueza Asociada que el Tribunal designe requerirá al Director o a la Directora que le remita el expediente que obra en la Oficina de Asuntos Legales, el cual deberá incluir el informe de la investigación realizada.

**REGLA 19     OTRAS REGLAS APLICABLES**

Una vez que el informe sea remitido a la Comisión de Disciplina, serán de aplicación las Reglas de Disciplina Judicial, a partir de la Regla 13 de dichas reglas.

**REGLA 20     DEROGACIÓN**

Por la presente queda derogada cualquier otra norma u orden administrativa, memorando, circular o reglamento que esté en conflicto con las disposiciones de estas Reglas.

**REGLA 21     CLÁUSULA TRANSITORIA**

Toda queja que esté bajo investigación en la Oficina de Asuntos Legales al momento de entrar en vigor estas Reglas, continuará con el procedimiento vigente a la fecha de la presentación de la queja y hasta la presentación del informe de investigación a la Comisión. Los derechos procesales del juez o de la jueza bajo investigación les serán de aplicación a partir de la fecha de vigencia de estas Reglas.

**REGLA 22     VIGENCIA**

Estas Reglas entrarán en vigor sesenta (60) días a partir de su aprobación por el Tribunal Supremo de Puerto Rico.